# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINEYARD WIND 1, LLC, | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:26-cv-10156 |
| v. | ) |
| | ) **REQUEST FOR ORAL ARGUMENT** |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.* | ) |
| Defendants. | ) |

**VINEYARD WIND 1, LLC'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Vineyard Wind 1, LLC ("Vineyard Wind") hereby moves, pursuant to Fed. R. Civ. P. 65, for a temporary restraining order and preliminary injunction barring the Director's Order ("Order") issued by Defendant Bureau of Ocean Energy Management ("BOEM") on December 22, 2025, suspending "all ongoing activities related to the Vineyard Wind 1 Project on the Outer Continental Shelf for the next 90 days for reasons of national security."  As grounds for this motion, Vineyard Wind states as follows:

1.  Vineyard Wind's Project (the "Project") is located approximately 14 miles off the coast of Martha's Vineyard.  It represents a $4.5 billion investment, is 95% constructed, and has been producing power for more than one year.

2.  Defendant BOEM approved of the Project's location as well as its construction and operation in May 2021 following an extensive, years-long federal permitting process.

3.  The permitting process included extensive consultation with the Department of Defense (now, the Department of War ("DoW")) that analyzed the Project's potential impacts on national security and developed measures to avoid interference with the North American

1

Aerospace Defense Command's ("NORAD") air defense mission and the Department of Navy's naval operations.

4. With those mitigation measures in place, BOEM found that the Construction and Operations Plan ("COP") would protect the national security interests of the United States—a finding the Department of Justice defended when the Project was challenged in this Court and the First Circuit.

5. Vineyard Wind has fully complied with those mitigation measures, and DoW agreed that it would not object to construction or operation of the Project if those measures were followed.

6. Despite this, BOEM issued the Order directing Vineyard Wind to "suspend all ongoing activities" for 90 days (and perhaps longer), citing the agency's "initial review" of unspecified (and supposedly classified) "impacts to national security from offshore wind projects" that "can only be feasibly averted by suspension of on-lease activities." The Order excepted activities "necessary for the current level of power generation" and those "necessary to respond to emergency situations and/or to prevent impacts to health, safety, and the environment." The Order claims that "BOEM and DoW will endeavor to reach a determination" within 90 days on whether there are "feasible mitigation measures" to avert the supposed national security harms, but BOEM may extend "the 90-day suspension period based on the status of those discussions."

7. After the Order issued, Vineyard Wind repeatedly reached out to confer with BOEM, DoW, and the Bureau of Safety and Environmental Enforcement ("BSEE") to forge a path forward without litigation. But BOEM and DoW refused to discuss the supposedly new information about national security impacts or what Vineyard Wind might do to mitigate them.

And BSEE has advised Vineyard Wind that it will not permit the installation of replacement blades on 10 already constructed towers, thereby creating safety risks that the Order purportedly was intended to prevent. BSEE has also failed to provide any assurance that it will continue to timely review information submitted by Vineyard Wind to permit blade installation and turbine operation in accordance with the terms and conditions of the COP.

8. Vineyard Wind's lease, the Administrative Procedure Act, the Outer Continental Shelf Lands Act, and the Fifth Amendment all prohibit BOEM from advancing a new administration's policy goals by halting construction of a lawfully approved offshore wind energy project based on its own "initial review" and assessment of what is needed to avert an unspecified threat to national security.

9. Due to the construction schedule and Vineyard Wind's financial obligations, including a $2 billion construction loan that needs to be repaid, the Order's cessation of activities of 90 days (which by the terms of the Order represents the minimum duration of the Order) will cause immediate and irreparable harm to Vineyard Wind. In fact, the Order is currently inflicting immediate and irreparable harm on Vineyard Wind. The remaining construction requires a specialized vessel that is available only until March 31, 2026. The Order also prevents Vineyard Wind from obtaining the reviews needed to install the remaining blade sets and place the turbines in operation, regardless of whether there is a vessel available to do the installation work.

10. If the Order is not enjoined by January 30, 2026, there will not be sufficient time to complete the Project before the vessel departs. The inability to timely complete construction of the Project in turn jeopardizes the revenues and financing necessary for the Project to remain viable, with resulting financial consequences from which Vineyard Wind likely could not recover. In addition, each day the Order remains in effect, Vineyard Wind incurs $2.0 million in

direct and indirect costs.

11. The numerous legal infirmities of the Order, and the various significant (and irreparable) harms the Order has caused and will continue to cause the Project, the balance of the equities, and the public interest warrant the issuance of a temporary restraining order and preliminary injunction.

12. Vineyard Wind further sets forth the grounds for this motion in its accompanying Memorandum of Law; and the Declarations of Klaus Moeller, Steven Simkins, Javier Hortiguela, Jack W. Pirozzolo, H. David Belote, Bruce Carlisle, and Elizabeth Mahoney, all of which are incorporated herein.

13. Counsel for Vineyard Wind has conferred with counsel for the Defendants regarding this motion and counsel for the Defendants stated that they oppose the motion insofar as it requests a temporary restraining order and preliminary injunction.

14. Counsel for Vineyard Wind has conferred with counsel for the Defendants regarding both a hearing date and a briefing schedule. Counsel for the Defendants takes no position on Vineyard Wind's request for a hearing on or before January 23 and are conferring on a schedule. If the Court sets a hearing on January 23, Vineyard Wind represented to Defendants that it would not oppose them filing a response on or before January 21.

WHEREFORE, Vineyard Wind respectfully requests that the Court hold a hearing on or before January 23, 2026, and by no later than January 28, 2026 issue a temporary restraining order and preliminary injunction enjoining BOEM's order halting construction and commissioning of additional wind turbines for Vineyard Wind's $4.5 billion offshore wind energy project; and ordering BSEE to resume its review of submissions by Vineyard Wind, in accordance with its practice as set forth in the submissions provided in support of the Motion, so

blades may be installed and turbines may be placed in operation pursuant to the terms and conditions of the Construction and Operation Plan. Specifically, Vineyard Wind requests that the Court issue an order substantially in the form attached hereto as Exhibit A.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7(d), Vineyard Wind hereby requests oral argument on this motion on or before January 23, 2026. Such argument will assist the Court in rendering a decision.

Respectfully Submitted

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com

Peter C. Whitfield (*pro hac vice* pending)
Richard W. Smith (*pro hac vice* pending)
Kathleen Mueller (*pro hac vice* pending)
Matthew C. Brewer (*pro hac vice* pending)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
pwhitfield@sidley.com
rwsmith@sidley.com
kmueller@sidley.com
mbrewer@sidley.com

Brooklyn Hildebrandt (*pro hac vice* pending)
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
(213) 896-6007
bhildebrandt@sidley.com
*Counsel for Vineyard Wind 1 LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Jack W. Pirozzolo, counsel for Vineyard Wind 1, LLC, hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for Vineyard Wind 1, LLC conferred with counsel for the Defendants on January 15, 2026 about the substance of the foregoing motion. Counsel for the Defendants stated that they oppose the motion insofar as it requests a temporary restraining order and preliminary injunction. Counsel for the Defendants takes no position on Vineyard Wind's request for a hearing on or before January 23 and are conferring on a schedule. If the Court sets a hearing on January 23, Vineyard Wind represented to Defendants that it would not oppose them filing a response on or before January 21.

Dated: January 15, 2026                              /s/ Jack W. Pirozzolo
                                                     Jack W. Pirozzolo

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 15, 2026 /s/ Jack W. Pirozzolo
Jack W. Pirozzolo