IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINEYARD WIND 1 LLC,<br><br>        *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>        *Defendants*, | Civil Action No.   1:26-cv-10156<br><br>Hon. |

### DECLARATION OF JAVIER HORTIGUELA

I, Javier Hortiguela declare under penalty of perjury as follows:

    1.    I am the Chief Commercial Officer of Vineyard Wind 1 LLC ("Vineyard Wind"). In that role I am responsible for the commercial, financial, and operational aspects of the construction, commissioning, and operations of the Vineyard Wind 1 offshore wind project (the "Project"). I have been involved in the planning and construction of the Project since August 2019, assuming various roles within the company, including Deputy Project Control Manager and Cost Control Manager. I hold a Master of Business Administration from the University of Massachusetts and a M.S. in Civil Engineering from the Universidad de Burgos.

    2.    My statements in this declaration are based on my personal knowledge or on my experience or my consultation with others or are known to me in my capacity as Chief Commercial Officer. These statements are true to the best of my knowledge, information, and belief as of the date of this declaration.

    3.    Vineyard Wind's sole material asset is the Project.

1

4.      Vineyard Wind is incurring and will incur significant and irreparable harm unless the Director's Order issued by the Director of the Bureau of Ocean Energy Management on December 22, 2025, is enjoined and Vineyard Wind is permitted to complete construction and commissioning of wind turbine generators on the Project's schedule.

5.      Vineyard Wind has already invested over $4.5 billion developing, permitting, engineering, fabricating components, and constructing the Project. These costs were largely financed through a secured construction loan involving multiple banks, equity contributions, and other sources of financing. If the Order is not enjoined, Vineyard Wind will risk the loss of its entire $4.5 billion investment and all of the revenue that it would receive over the Project's operational life.

6.      When BOEM issued the Director's Order, the Project was approximately 95% complete and already operating as a power plant capable of delivering approximately 572 MW of power to the New England grid.

7.      A delay in the completion of construction and commissioning of wind turbine generators at this critical juncture will result in extraordinary financial distress and likely the collapse of the Project. Indeed, the Director's Order poses an existential threat to the Project and Vineyard Wind.

8.      First, the Director's Order is causing Vineyard Wind to incur approximately $2.0 million per day in costs, including direct and indirect costs associated with the vessels, GE Vernova, lost revenue, interest (including the $9 million in monthly interest described below), Project personnel, organizational management, logistical set-up, insurance costs, etc. A 90-day stop of the Project, which is the current minimum under the Director's Order, will cost Vineyard

Wind approximately $180 million, which is unplanned and for which there is no source of financing to pay.

9. Second, Vineyard Wind financed construction through, among other things, a construction loan of approximately $2 billion provided by 27 banks. The loan is now fully drawn, and the ongoing monthly interest expense is approximately $9 million. Completion of the Project and the commencement of commercial operations is essential for the Project to generate revenues sufficient to pay the interest expense and repay the construction loan.

10. The remaining construction work requires the use of a specialized installation vessel that is under contract with Vineyard Wind only until March 31, 2026. Vessel availability for such specialized vessel is exceptionally difficult to secure, with only a few number of vessels worldwide capable of installing Vineyard Wind's turbines. If the Project is not completed before the installation vessel leaves, Vineyard Wind will have no ability to finish the Project in the foreseeable future.

11. Although the Order permits the Project to continue its current level of power generation, that level is insufficient to prevent the catastrophic financial consequences of the Order. If the Project is not timely completed by March 31st 2026 (the contractual maturity date under the credit agreement), and with no vessels secured to complete the Project in the foreseeable future, then its lenders will have the ability to declare an event of default, accelerate repayment of the construction loan, and foreclose on the Project. Such an event would threaten the financial viability of the entire Project and, consequently, Vineyard Wind's ability to survive.

12. The Project has not installed sufficient nameplate capacity to meet the requirements of the six Power Purchase Agreements ("PPAs") it entered with Massachusetts electrical utilities. If the Project is not completed before Vineyard Wind loses access to the

specialized construction vessel, Vineyard Wind will not be able to meet its obligations under the PPAs and could be exposed to a declaration of default. Such a default could result in forfeiture of the credit posted (approximately $48 million) and give the electrical utilities a unilateral right to terminate PPAs, leaving the Project with uncertainty about its income, and depriving the people of Massachusetts of a long-term, below-market source of clean and affordable energy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15th, 2026.

_____
Javier Hortiguela

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                                               */s/* Jack W. Pirozzolo
                                                                                 Jack W. Pirozzolo