# Exhibit 1

TABLE OF CASES CHALLENGING BOEM DECEMBER 22, 2026 SUSPENSION ORDERS

| Case | Facts | Likelihood of Success on the Merits: Basis of APA Violation | Irreparable Harm: Possibility of Financial Ruin | Irreparable Harm: Loss of Specialized Vessel | Possibility of Collateral Effects on Financing | Equitable & Public Interest Factors: National Security Interest | Balance of the Equities |
|---|---|---|---|---|---|---|---|
| Revolution Wind[1] | 87% complete (projected completion by Nov. 2027) $5 Billion invested 67 WTG positions installed | *Change in Position Doctrine. See* Tr. at 43–44 ("Because the Bureau failed to provide sufficient reasoning for its change in position . . . the December 22nd stop work order likely amounts to arbitrary and capricious action under the Administrative Procedure Act."). *Lack of Reasoned Explanation. See* Tr. at 42 ("Pointing to ongoing national security concerns based on purportedly new classified information does not constitute a sufficient explanation for the Bureau's decision to entirely stop work on the Revolution Wind project."). | "[I]f Revolution Wind cannot meet certain benchmark deadlines, the entire enterprise could collapse[.]" Tr. at 45. | "[A] specialized ship necessary to complete the project will be no longer available after February of this year, which means if the stop work order is not stayed, it will be impossible for Revolution Wind to deliver energy under its power purchase agreements by its deadline of early 2027." Tr. at 45. | "If Revolution Wind cannot meet its contractual deadlines, then the States of Rhode Island and Connecticut will have the right to terminate their agreements with the company." Tr. at 45. | BOEM "merely cited national security concerns without further explanation, and without applying the newly discovered concerns to the Revolution Wind project specifically." Tr. at 43. Because BOEM "became aware of the new classified information in November of 2025 and did not act until December 22, 2025," the Court was "not persuaded that any such emergency exists in this case." Tr. at 44–45. | "In light of plaintiffs' significant reliance interests and the government's unreasonable and seemingly unjustified change in position, the balance of equities clearly cut in favor of Revolution Wind." Tr. at 45–46. |
| Empire Wind[2] | 60% complete (projected completion by end of 2027) $4 Billion invested 54 WTG positions installed | *Lack of Required Process. See* Tr. at 13 ("In light of the lack of meaningful dispute regarding notice and due process, and given that the record appears to show that BOEM did not give Empire Wind any form of process or an opportunity to be heard before issuing the Suspension Order, Empire Wind has established that it is likely to succeed on the merits of at least one of its unrebutted claims."). | "Empire Wind meets the . . . standard that . . . the loss threatens the very existence of [its] business." Tr. at 9–10 (internal quotation omitted). | "[L]osing access to specialized vessels that cannot be replaced in time to meet binding deadlines[ ] will not just cause substantial financial loss, but it will threaten Empire Wind's entire existence." Tr. at 10. | "Empire Wind's creditors could make the $2.7 billion already paid due if the Suspension Order remains in place . . . b[y] the end of the 60-day secure period under the credit agreement." Tr. at 9. | "*Winter* itself made clear that military interests do not always trump other considerations. . . . Empire Wind's interest is much stronger than the *Winter* plaintiffs'. . . . while the government's interest is weaker and less concrete than it was in *Winter* when considering the activities that will occur at the Project during the limited time where a preliminary injunction would have [e]ffect[.]" Tr. at 14–15 (internal quotation omitted). | "[T]he harms resulting from suspension during this stage of the Project, which threaten the very existence of Empire Wind, outweigh the harms articulated by the government during this period of project construction." Tr. at 15. |
| Dominion[3] | Under construction (projected completion by Dec. 2026) $8.9 Billion invested 176 WTG positions installed & 2 pilot turbines operating nearby | *Lack of Reasoned Explanation. See* Tr. at 49 ("Stopping work on a project without any attempt to mitigate the newly discovered risks is likely arbitrary and capricious [where] . . . mitigation strategies have proven successful in the past."); Tr. at 49–50 ("The order halted progress on two turbines that were not yet operating but left two functioning pilot turbines to continue running . . . . Dominion is likely to demonstrate that that is backwards and that it supports a finding that the order was arbitrary and capricious."). | "[Dominion] has already taken millions of dollars of losses, and even if it could recoup some of that money from the government pursuant to regulation, the costs associated with the ongoing construction delays would be difficult to calculate." Tr. at 51. | NA | NA | "[T]he national security concerns the government state exists in the . . . stop work order -- specifically, that such concerns have the potential to cause serious, immediate, and irreparable harm -- are not particularized to concerns about [this project.]" Tr. at 49. "By submitting evidence about its participation and ongoing risk assessments and successful mitigation efforts. . . . Dominion adequately demonstrates that the government can address its national security concerns through the normal channels without an order that shuts down nearly the entire project." Tr. at 51–52. | "Ordinarily, a national security risk would weigh heavily in favor of the government . . . But here, the evidence the Court has reviewed does not demonstrate that the onset of the national security risk is so imminent that the government needs to stop work on the Dominion project entirely." Tr. at 51. |

[1] Citations correspond to Hearing Tr., *Revolution Wind, LLC v. Burgum*, No. 25-cv-02999 (D.D.C. Jan. 12, 2026), ECF No. 65 (emphases added).
[2] Citations correspond to Order Tr., *Empire Leaseholder, LLC v. Burgum*, No. 26-cv-004 (D.D.C. Jan. 15, 2026), Dkt. 17-2 (emphases added).
[3] Citations correspond to Hearing Tr., *Va. Elec. & Power Co. v. U.S. Dep't of Interior (Dominion)*, No. 25-cv-830 (E.D. Va. Jan. 16, 2026), ECF No. 82 (emphases added).