IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VINEYARD WIND 1 LLC,

 Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF
THE INTERIOR *et al.,*

Defendants.

Civil Action No. 1:26-CV-10156

**DEFENDANTS' ANSWER**

Federal Defendants U.S. Department of the Interior; Douglas Burgum, in his official capacity as Secretary of the Interior; Bureau of Ocean Energy Management ("BOEM"); Matthew Giacona, in his official capacity as Acting Director of BOEM; Bureau of Safety and Environmental Enforcement ("BSEE"); and Kenneth C. Stevens, in his official capacity as Principal Deputy Director of BSEE, through counsel, answer the Complaint filed in this case, Dkt. No. 1, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations. Defendants deny each and every allegation in the Complaint that is not specifically admitted, qualified, or otherwise responded to in this Answer.

**INTRODUCTION**

1.      The allegations in the first sentence of Paragraph 1 are characterizations of Plaintiffs' case, which require no response; to the extent a response may be required, Defendants deny the allegations and deny any violation of law. As of December 21, 2025, BSEE had reviewed 43 WTG reports and, as of March 12, 2026, has reviewed all 62, and Defendants confirm the project

1

plans to have 62 WTGs and is partially operational, but Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the second and third sentences of Paragraph 1, and deny the allegations on that basis.

2. Defendants admit the allegations in the first sentence of Paragraph 2. Defendants admit that Vineyard Wind has worked with Agency Defendants to develop the project. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 2 and deny them on that basis.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants deny the allegations in the first sentence of Paragraph 4. The allegations in the second sentence of Paragraph 4 characterize a Presidential Memorandum issued by President Trump, which speaks for itself and is the best evidence of its; to the extent the allegations are inconsistent with the referenced memorandum, they are denied. Defendants deny the allegations in the third sentence of Paragraph 4. The allegations in the fourth sentence of Paragraph 4 characterize a court opinion, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced opinion, they are denied.

5. The allegations in Paragraph 5 characterize a statement by a White House spokesman, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statement, they are denied.

6. Defendants admit that, on December 22, 2025, BOEM issued a Director's Order to Vineyard Wind instructing it to suspend ongoing activities (the "Suspension Order"). The remaining allegations in Paragraph 6 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced Suspension Order, they are denied.

2

7. Defendants deny the allegations in the first, second, and third sentences of Paragraph 7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth, and sixth sentences of Paragraph, and therefore the allegations are denied.

8. Defendants deny the allegations in Paragraph 8.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9, and therefore the allegations are denied. Defendants admit the allegations in the second sentence of Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

## JURISDICTION AND VENUE

16. The allegations in Paragraph 16 are legal conclusions, to which no response is required; to the extent a response is required, Defendants admit that the Court has subject matter jurisdiction, but deny any remaining allegations.

17. The allegations in Paragraph 17 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

18. The allegations in Paragraph 18 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny that Plaintiff is entitled to any relief.

19.     The allegations in Paragraph 19 are legal conclusions, to which no response is required; to the extent a response is required.

20.     The allegations in Paragraph 20 are legal conclusions, to which no response is required.

21.     The allegations in Paragraph 21 are legal conclusions, to which no response it required; to the extent a response is required, the allegations are denied.

## LEGAL BACKGROUND

22.     The allegations in Paragraph 22 characterize the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

23.     The allegations in Paragraph 23 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

24.     The allegations in Paragraph 24 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

25.     The allegations in Paragraph 25 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

26.     The allegations in Paragraph 26 characterize OCSLA and regulations issued by the U.S. Department of the Interior, 30 C.F.R. pt. 585 (BOEM) and 30 C.F.R. pt. 285 (BSEE), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

27.     The allegations in Paragraph 27 characterize the BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

28.     The allegations in Paragraph 28 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

29.     The allegations in Paragraph 29 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

30.     The allegations in Paragraph 30 characterize the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-06, which speak for themselves are and are the best evidence of their content; to the extent the allegations are inconsistent with the statute, they are denied.

31.     The allegations in Paragraph 31 characterize the judicial review provisions of the APA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

32.     The allegations in Paragraph 32 characterize the Declaratory Judgment Act, 28 U.S.C. §§ 2102-2202, which speaks for itself and is the best evidence of its; to the extent the allegations are inconsistent with the referenced statute, they are denied.

33.     The allegations in Paragraph 33 characterize the Declaratory Judgment Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced statute, they are denied.

## FACTUAL BACKGROUND

34.     Defendants admit the allegations in Paragraph 34.

5

35.    Defendants admit the allegations in Paragraph 35.

36.    The allegations in Paragraph 36 characterize a Request for Interest published in the Federal Register, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Request for Interest, they are denied.

37.    The allegations in the first and second sentences of Paragraph 37 characterize a Call for Information and Nominations published in the Federal Register, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Call for Information and Nominations, they are denied.  The allegations third, fourth, and fifth sentences of Paragraph 37 characterize a NEPA analysis and OCSLA Compliance Memorandum, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced NEPA analysis and OCSLA Compliance Memorandum, they are denied.  Defendants admit the allegations in the sixth sentence of Paragraph 37.

38.    The allegations in Paragraph 38 characterize a proposed sale notice and final sale notice, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced notices, they are denied.

39.    Defendants admit the allegations in Paragraph 39.

40.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and deny them on that basis.

41.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and deny them on that basis.

42.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 42 and deny them on that basis.  Defendants admit the allegations in the fourth sentence of Paragraph 42.

6

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants admit the allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants admit the allegations in Paragraph 47.

48. Defendants admit the allegations in Paragraph 48.

49. Defendants admit the allegations in Paragraph 49.

50. The allegations in the first sentence of Paragraph 50 characterize the Final EIS for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced EIS, they are denied. Defendants admit the allegations in the second sentence of Paragraph 50.

51. The allegations in the first sentence of Paragraph 51 characterize the Final EIS for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced EIS, they are denied. Defendants admit the allegations in the second and third sentences of Paragraph 51.

52. The allegations in Paragraph 52 characterize the Final EIS for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced EIS, they are denied.

53. The allegations in the first and second sentences of Paragraph 53 characterize the Final EIS for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced EIS, they are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 53 and deny them on that basis.

7

54.    The allegations in Paragraph 54 characterize the Final EIS for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced EIS, they are denied.

55.    Defendants admit the allegations in Paragraph 55.

56.    The allegations in Paragraph 56 characterize the Record of Decision for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Record of Decision, they are denied.

57.    The allegations in the first sentence of Paragraph 57 characterize an OCSLA Compliance Memorandum for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced OCSLA Compliance Memorandum, they are denied.  Defendants admit the allegations in the second and third sentences of Paragraph 57.

58.    The allegations in Paragraph 58 characterize an OCSLA Compliance Memorandum for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced OCSLA Compliance Memorandum, they are denied.

59.    The allegations in Paragraph 59 characterize an OCSLA Compliance Memorandum for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced OCSLA Compliance Memorandum, they are denied.

60.    The allegations in Paragraph 60 characterize an OCSLA Compliance Memorandum for the Vineyard Wind Project, which speaks for itself and is the best evidence of its

content; to the extent the allegations are inconsistent with referenced OCSLA Compliance Memorandum, they are denied.

61.    Defendants admit the allegations in Paragraph 61.

62.    The allegations in Paragraph 62 characterize the Construction and Operations Plan ("COP") for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced COP they are denied.

63.    The allegations in Paragraph 63 characterize a Mitigation Agreement for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Mitigation Agreement, they are denied.

64.    The allegations in Paragraph 64 characterize a Mitigation Agreement for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Mitigation Agreement, they are denied.

65.    The allegations in Paragraph 65 characterize a Mitigation Agreement for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Mitigation Agreement, they are denied.

66.    The allegations in Paragraph 66 characterize a Mitigation Agreement for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Mitigation Agreement, they are denied.

67.    The allegations in Paragraph 67 characterize a Mitigation Agreement for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced Mitigation Agreement, they are denied.

68.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and deny them on that basis.

69.    The allegations in Paragraph 69 characterize four court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced opinions, they are denied.

70.    The allegations in Paragraph 70 characterize court filings in cases challenging the Vineyard Wind Project, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced filings, they are denied.

71.    The allegations in Paragraph 71 characterize court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced opinions, they are denied.

72.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of a percentage of completion, and deny them on that basis.  Defendants admit the remaining allegations in Paragraph 72 as of the date of the Complaint.

73.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and deny them on that basis.

74.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and deny them on that basis.

75.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 75 and deny them on that basis.  Defendants deny the allegations as pled in third sentence of Paragraph 75, and aver that BSEE has completed more than the stated number of reviews.  Defendants admit that BSEE has had no further comments on other blade reviews it has completed for Vineyard Wind 1.  Defendants deny that BSEE issues any document labeled as a "non-objection."  Defendants deny the allegations in the fourth sentence of Paragraph 75.

76.   Defendants deny the allegations in Paragraph 76 regarding completion and review as outdated.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and deny them on that basis.

77.   Defendants admit the allegations in Paragraph 77.

78.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and deny them on that basis.

79.   Defendants deny the allegations in Paragraph 79.

80.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and deny them on that basis.

81.   The allegations in Paragraph 81 characterize press articles, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced articles, they are denied.

82.   The allegations in Paragraph 82 characterize a Presidential Memorandum issued by President Trump on January 21, 2025, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced memorandum, they are denied.

83.   The allegations in Paragraph 83 characterize a Presidential Memorandum issued by President Trump on January 21, 2025, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced memorandum, they are denied.

84.   The allegations in Paragraph 84 characterize a Presidential Memorandum issued by President Trump on January 21, 2025, which speaks for itself and is the best evidence of its

11

content; to the extent the allegations are inconsistent with referenced memorandum, they are denied.

85. The allegations in Paragraph 85 characterize a Presidential Memorandum issued by President Trump on January 21, 2025, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced memorandum, they are denied.

86. The allegations in Paragraph 86 characterize a Presidential Memorandum issued by President Trump on January 21, 2025, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced memorandum, they are denied.

87. The allegations in Paragraph 87 characterize a Secretary Order issued by the U.S. Department of the Interior on July 29, 2025, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced order, they are denied.

88. The allegations in Paragraph 88 characterize a press article, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced article, they are denied.

89. The allegations in Paragraph 89 characterize press articles, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced articles, they are denied.

90. Defendants admit that BOEM issued the Suspension Order on December 22, 2025, but deny the remaining allegations in the first sentence of Paragraph 90. The allegations in the second and third sentences of Paragraph 90 characterize the Suspension Order, which speaks

for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced order, they are denied.

91.     The allegations in Paragraph 91 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced order, they are denied.

92.     The allegations in Paragraph 92 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced order, they are denied.

93.     Defendants admit that BOEM issued five suspension orders on December 22, 2025.  The remaining allegations in Paragraph 93 purport to characterize those orders, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the orders, they are denied.

94.     The allegations in the first sentence of Paragraph 94 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced Order, they are denied.  The allegations in the second sentence of Paragraph 94 characterizes a press release issued by the U.S. Department of the Interior, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced press release, they are denied.

95.     The allegations in Paragraph 95 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced order, they are denied.

96.     The allegations in Paragraph 96 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced order, they are denied.

97.     The allegations in Paragraph 97 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced order, they are denied.

98.     The allegations in Paragraph 98 characterize statements by Secretary Doug Burgum and the White House, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced statements, they are denied.

99.     Defendants admit the allegations in the first and second sentences of Paragraph 99.  Defendants deny the allegations in the third and fourth sentences of Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and deny them on that basis.

102.    Defendants admit the allegations in Paragraph 102.

103.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and deny them on that basis.

104.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and deny them on that basis.

105.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and deny them on that basis.

106.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and deny them on that basis.

107. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and deny them on that basis.

108. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and deny them on that basis.

109. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and deny them on that basis.

110. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and deny them on that basis.

111. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and deny them on that basis.

112. The allegations in the first and second sentences of Paragraph 112 purport to characterize the ISO Press Release, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that documentation, they are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 113 and deny them on that basis.

113. The allegations in Paragraph 113 purport to characterize the governor's Press Release and the Turn Forward Report, each of which speak for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that documentation, they are denied.

114. The allegations in Paragraph 114 purport to characterize the governor's Press Release, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that documentation, they are denied.

115.    Defendants deny the allegations in the first sentence of Paragraph 115.  Defendants admit the allegations in the second, third, fourth, fifth, and seventh sentences of Paragraph 115.  Defendants deny the allegations in the sixth sentence of Paragraph 115.

116.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and deny them on that basis.

117.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and deny them on that basis.

118.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and deny them on that basis.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and deny them on that basis.

120.    Defendants deny the allegations in the first sentence of Paragraph 120.  Defendants admit the allegations in the second sentence of Paragraph 120.

121.    Defendants incorporate by reference their responses to the preceding paragraphs.

122.    The allegations in Paragraph 122 characterize Vineyard Wind's Lease and BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Lease and regulations, they are denied.

123.    The allegations in Paragraph 123 characterize Vineyard Wind's Lease, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Lease, they are denied.

124.    The allegations in Paragraph 124 characterize OCSLA, which speaks for itself and is the best evidence of their content; to the extent the allegations are inconsistent with the statute, they are denied.

125. The allegations in Paragraph 125 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

126. The allegations in Paragraph 126 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

127. The allegations in the first and second sentences of Paragraph 127 characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and regulations, they are denied. Defendants deny the allegations in the third sentence of Paragraph 127.

128. The allegations in Paragraph 128 characterize a Lease Addendum, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Lease Addendum, they are denied.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants incorporate by reference the responses to the preceding paragraphs.

133. The allegations in Paragraph 133 characterize the judicial review provisions of the APA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute, they are denied.

134. The allegations in Paragraph 134 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny any violation of law.

135.    The allegations in Paragraph 135 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny any violation of law.

136.    The allegations in Paragraph 136 are legal conclusions to which no response is required; to the extent a response is required, Defendants admit the Suspension Order is a final agency action but deny any remaining allegations.

137.    The allegations in Paragraph 137 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

138.    The allegations in Paragraph 138 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

139.    The allegations in Paragraph 139 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

140.    The allegations in Paragraph 140 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

141.    Defendants deny the allegations in the first sentence of Paragraph 141.  The allegations in the second sentence of Paragraph 141 characterize a court opinion, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced opinion, they are denied.

142.    The allegations in Paragraph 142 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

143.    Defendants deny the allegations in the first sentence of Paragraph 143.  The allegations in the second and third sentences of Paragraph 143 characterize a court opinion, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced opinion, they are denied.

144.    Defendants deny the allegations in the first sentence of Paragraph 144.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 144 and deny them on that basis.  The allegations in the third sentences of Paragraph 144 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations.

145.    The allegations in Paragraph 145 characterize press statements made by President Trump, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statements, they are denied.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants incorporate by reference the responses to the preceding paragraphs.

149.    The allegations in Paragraph 149 characterize provisions of the APA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statutory provisions, they are denied.

150.   The allegations in Paragraph 150 characterize provisions of the APA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statutory provisions, they are denied.

151.   The allegations in the first sentence of Paragraph 151 are legal conclusions to which no response is required.  To the extent a response it required, Defendants deny the allegations.  Defendants deny the allegations in the second and third sentences.

152.   Defendants incorporate by reference the responses to the preceding paragraphs.

153.   The allegations in Paragraph 153 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statutory provisions, they are denied.

154.   The allegations in Paragraph 154 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statutory provisions, they are denied.

155.   Defendants deny the allegations in the first sentence of Paragraph 155.  Defendants admit that Plaintiff sent Defendants a copy of the Complaint before it was filed and deny the remaining allegations in the second sentence of Paragraph 155.

156.   The allegations in Paragraph 156 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

157.   The allegations in Paragraph 157 characterize Vineyard Wind's Lease and BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced lease and regulations, they are denied.

158.   The allegations in the first sentence of Paragraph 158 characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content; to the

extent the allegations are inconsistent with the referenced statute and regulations, they are denied. The allegations in the second sentence of Paragraph 158 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied. Defendants deny the allegations in the third sentence of Paragraph 158.

159. The allegations in Paragraph 159 characterize the Suspension Order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

160. Defendants deny the allegations in Paragraph 160.

161. The allegations in Paragraph 161 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

162. Defendants deny the allegations in Paragraph 162.

163. Defendants incorporate by reference the responses to the preceding paragraphs.

164. The allegations in Paragraph 164 characterize the Fifth Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced constitutional provision, they are denied.

165. Defendants admit the allegations in Paragraph 165.

166. Defendants admit that BOEM approved Vineyard Wind's COP. The remaining allegations in Paragraph 166 purport to characterize that approval, which speaks for itself and is the best evidence of its contents; to the extent that allegations are inconsistent with the approval, they are denied.

167. The allegations in Paragraph 167 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

168.    Defendants admit the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants incorporate by reference their responses to the preceding paragraphs.

173.    Defendants deny the allegations in Paragraph 173.

The allegations in Plaintiff's prayer for relief require no response; to the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

**GENERAL DENIAL**

Defendants deny any allegations in Plaintiff's Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

**AFFIRMATIVE DEFENSES**

1. The court lacks jurisdiction over Plaintiff's claims.

2. Plaintiff has failed to state a claim for which relief can be granted.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 17th day of March 2026,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

JOHN K. ADAMS
Senior Counsel and Chief of Staff

22

/s/ Luther L. Hajek
LUTHER L. HAJEK
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (303) 241-0826
luke.hajek@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filings to the attorneys of record for Plaintiffs and all other parties, who have registered with the Court's CM/ECF system.

So certified this 17th day of March 2026 by

*/s/ Luther L. Hajek*
Luther L. Hajek
U.S. Department of Justice