**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VINEYARD WIND 1 LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No.: 1:26-cv-10156-BEM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VINEYARD WIND 1 LLC'S OBJECTION TO U.S. DEPARTMENT OF THE INTERIOR'S PROPOSED RECORD**

In accordance with the Court's February 5, 2026 Scheduling Order, Vineyard Wind 1 LLC ("Vineyard Wind") hereby files its objections to the Administrative Record filed by Defendants on March 6, 2026. In support of its objections, Vineyard Wind further states as follows:

1.       Review of the December 22, 2025 Order at issue here falls under the Administrative Procedure Act ("APA"), which directs the court to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. This review is based on "the full administrative record that was before [the agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The administrative record includes the record "before the agency *at the time* it made the decision in issue" and "consists of all documents and materials directly or indirectly considered by agency decision-makers." *City of Waltham v. U.S. Postal Serv.*, 786 F. Supp. 105, 116 (D. Mass. 1992), *aff'd*, 11 F.3d 235 (1st Cir. 1993) (internal quotations and citations omitted); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"). In other words, *post hoc*

rationalizations are not considered part of the administrative record. *City of Waltham*, 786 F. Supp. at 118.

2.      Further, because an administrative record must contain all relevant materials presented to the agency, this includes materials both supportive of and contrary to the challenged agency action. *See Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43–44 (1983).  The agency may not "skew the 'record' for review in its favor by excluding from that 'record' information in its own files which has great pertinence to the proceeding in question." *Geer v. Fed. Highway Admin.*, 975 F. Supp. 39, 41 (D. Mass. 1997) (quoting *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1456 (1st Cir.1992)).

3.      Vineyard Wind generally objects to certain of the proffered documents as outside of the Administrative Record here on the following grounds:

      a.      The document post-dates the date of the Order and, thus, could not have been considered by Mr. Giacona or BOEM staff who advised him in deciding to issue the December 22, 2025 Order. The following documents were created after BOEM delivered the December 22, 2025 Order to Vineyard Wind.  While these documents are dated December 22, 2025 or later, they were created after, or concurrently there with, the Order was delivered to Vineyard Wind at 8:00 a.m. EST that day:

          i.   AR0003–09

         ii.   AR0015–16

       iii.   AR0017

4.      Vineyard Wind also objects to the Administrative Record to the extent it improperly excluded documents considered by either Mr. Giacona or BOEM staff who advised him in deciding to issue the December 22, 2025 Order.  This includes, but is not limited to, the

April 6, 2022 Mitigation Agreement between the Department of Defense, the United States Air Force, and Vineyard Wind Addressing the Vineyard Wind 1 Offshore Wind Energy Project Near Martha's Vineyard, Massachusetts, which Mr. Giacona explicitly stated he reviewed.  Giacona Decl., ECF No. 19 ¶¶ 6–7.  Although Defendants included earlier drafts of the terms and conditions that were part of the April 6, 2022 Mitigation Agreement, Defendants appear to have inadvertently omitted the final version cited by Mr. Giacona.  *Id.*

5.     To the extent additional disputes remain regarding the Administrative Record, Vineyard Wind intends to identify such documents with BOEM and reserves its right to file a motion to supplement or strike by April 10, 2026, consistent with the Court's scheduling order, ECF No. 85.

 Date:  March 20, 2026

Respectfully submitted,

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
Robert D. Capodilupo (BBO # 714648)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com
rcapodil@sidley.com

Peter C. Whitfield (*pro hac vice*)
Richard W. Smith (*pro hac vice*)
Kathleen Mueller (*pro hac vice*)
Matthew C. Brewer (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
(202) 736-8000
pwhitfield@sidley.com
rwsmith@sidley.com
kmueller@sidley.com
mbrewer@sidley.com

Brooklyn Hildebrandt (*pro hac vice*)
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
(213) 896-6007
bhildebrandt@sidley.com

*Counsel for Vineyard Wind 1 LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of March 2026, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record via the Court's electronic filing system.

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo