**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VINEYARD WIND 1 LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No.: 1:26-cv-10156-BEM |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE | ) |
| INTERIOR, *et al.* | ) |
| | ) |
| *Defendants.* | ) |

## <u>VINEYARD WIND 1 LLC'S MEMORANDUM OF LAW ADDRESSING MOOTNESS</u>

Plaintiff Vineyard Wind 1 LLC ("Vineyard Wind") submits this Memorandum of Law in response to this Court's request for Vineyard Wind's position on whether this case has become moot. It has not. Absent a decision on the merits, the challenged December 22 Order ("the Order") preserves the ability of the Bureau of Ocean Energy Management ("BOEM") to extend the suspension and consider cancellation of the Vineyard Wind 1 Project, thus maintaining a live controversy. And even if it did not, the dispute fits comfortably within the capable-of-repetition-yet-evading-review exception to mootness. The Court should therefore maintain its stay and proceed to adjudicate Vineyard Wind's claims on the merits.

### BACKGROUND

In its December 22, 2025 Order, BOEM directed Vineyard Wind "to suspend *all ongoing activities* related to the Vineyard Wind 1 Project on the Outer Continental Shelf for the next 90 days for reasons of national security." Order at 1 (emphasis added). At the time of issuance, the Project was partially operating and close to completing physical construction. Because the Project was "partially generating power," the Order allowed Vineyard Wind to continue only those "activities from those wind turbines that [were] necessary for the [then-]current level of power generation." *Id.*

The Order does not identify how long it will remain in effect beyond the initial 90-day suspension period as it lacks any language providing for termination. It does, however, expressly preserve BOEM's authority to extend the suspension and to cancel the Project altogether:

> Given the construction status of this project, BOEM will consider all feasible mitigation measures before making a decision as to whether the project must be cancelled. Further, while BOEM and DoW endeavor to reach a determination on feasible mitigation measures within 90 days following the date of this letter, **BOEM may further extend the 90-day suspension period based on the status of those discussions.**

*Id.* (emphasis added). With this Court's stay of the Order, Vineyard Wind was able to continue offshore work to complete installation of the blades and construction of the wind turbine generators—the work requiring specialized vessels that were contracted for a limited period of time. With that work completed, Vineyard Wind is currently conducting activities to bring the Project fully online and ensure all turbines can operate at their full capacity (at present, the project is providing less than half of its expected output). The Court's stay allows that work to continue by preventing BOEM from extending the suspension beyond the original 90 days. But Vineyard Wind remains subject to the Order's extension clause and BOEM's potential decision to cancel the Project altogether on this record—neither of which BOEM has withdrawn or disclaimed.[1]

Defendants' actions following the Order indicate their unlawful assault on offshore wind projects will continue. Perhaps most saliently, the Defendants acknowledge their review of national-security threats relating to the project—i.e., the very "discussions" the Order

---

[1] Although BOEM has not withdrawn or disclaimed the Order at this time, BOEM cannot make this case moot simply by doing so. Under the "voluntary cessation" doctrine, a "defendant's voluntary change in conduct moots a case only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 47 (1st Cir. 2022) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). BOEM has failed to meet its heavy burden of establishing with "absolute" clarity that it would not repeat its attempt to shut down the Project. In demonstrating this failure, it is notable that BOEM has not even made an assurance to Vineyard Wind that it would not extend the Order if the stay was lifted (or not issued in the first instance).

contemplates would cause BOEM to "further extend the 90-day suspension period," *id.*—remain "ongoing," confirming that the additional suspension contemplated by the Order could come at any time,[2] Joint Status Rpt. ¶ 4, Dkt. 95. Defendants also recently requested Vineyard Wind supply them with a list of potential mitigation measures.  In litigation concerning other offshore wind projects,  BOEM continues to vigorously defend the legality of its suspension orders despite the fact that five federal courts have now enjoined enforcement of BOEM's December 2025 stop-work orders as likely unlawful.[3] Moreover, the Department of Interior has recently drawn the ire of Congress for its alleged campaign to "bully" an offshore wind company into accepting "$928 million in exchange for . . . relinquishing two offshore wind leases and reinvesting all funds into conventional oil" in face of cancellation on apparently pretextual national-security grounds.[4] And only weeks ago, another court in this District preliminary enjoined other policies restricting wind energy projects after finding that Defendants continued to "flout" OCSLA's procedures governing offshore-wind leases.[5]

In short, the Order's threats still hang over the Project. Lifting the stay without final relief on the merits would leave BOEM free to exercise its claimed right to extend the suspension of activities as contemplated in the Order or take other actions such as cancelling the Project

---

[2] BOEM has made similar representations in another case challenging a similar order. *See* Defs.' Unopposed Mot. for Extension ¶ 3, *Green Oceans v. U.S. Dep't of Interior*, No. 24-cv-00141 (D.D.C. Apr. 20, 2026), ECF No. 101.

[3] *Revolution Wind, LLC v. Burgum*, No. 25-cv-02999 (D.D.C. Jan. 12, 2026); *Empire Leaseholder, LLC v. Burgum*, No. 26-cv-004 (D.D.C. Jan. 15, 2026); *Va. Elec. & Power Co. v. U.S. Dep't of Interior*, No. 25-cv-830 (E.D. Va. Jan. 16, 2026); *Vineyard Wind 1 LLC v. U.S. Dep't of Interior*, No. 26-cv-10156 (D. Mass. Jan. 27, 2026); *Sunrise Wind LLC v. Burgum*, No. 26-cv-00028 (D.D.C. Feb. 2, 2026). None of the other cases challenging similar stop-work orders has been dismissed for mootness and each remains live.

[4] Letter from Sen. Sheldon Whitehouse, Ranking Member, S. Comm. on Env't & Pub. Works, to Patrick Pouyanné, Chairman & CEO, TotalEnergies, at 1–5 (Apr. 9, 2026); *see also* Letter from Rep. Jared Huffman, Ranking Member, H. Comm. on Nat. Res., and Rep. Jamie Raskin, Ranking Member, H. Comm. on the Jud., to Patrick Pouyanné, Chairman & CEO, TotalEnergies, at 2 (Apr. 29, 2026) ("The assertion that the offshore wind projects would impair national security appears to have been a fabricated justification for canceling the leases.").

[5] See Mem. & Order at 57–59, *Renew Ne. v. U.S. Dep't of Interior*, No. 25-cv-13961 (D. Mass. Apr. 21, 2026).

altogether. Those continuing legal consequences maintain a live controversy.

## LEGAL STANDARD

A court with jurisdiction has a "virtually unflagging obligation" to hear and resolve questions properly before it. *FBI v. Fikre*, 601 U.S. 234, 240 (2024) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Mootness is a narrow exception to that obligation. A case becomes moot only when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* When raised, "[t]he burden of showing mootness is a heavy one—and it rests squarely with the proponent of the issue." *Corrigan v. Boston Univ.*, 98 F.4th 346, 352 (1st Cir. 2024); *see Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 47 (1st Cir. 2022).

Separately, even if the initial controversy ceases to be live during the pendency of a case, a court may still review a challenged action that is "capable of repetition, yet evading review." *Calvary Chapel*, 52 F.4th at 47. This exception to mootness applies when "(1) the challenged action is in its duration too short to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.*

## ARGUMENT

This case should not be dismissed as moot for two independent reasons. First, the case is not moot. BOEM's authority under the Order to extend the suspension of activities preserves a live controversy. Second, even if these continuing effects of the Order were insufficient to keep the case alive, dismissal is not required because BOEM's ability to suspend all ongoing activities under the Order is capable of repetition yet would evade review.

## I.    A Live Controversy Exists Because Vineyard Wind Remains Subject to the Order

The plain text of the Order makes clear that it continues to have operative effect over "all ongoing activities" related to the Project even after the initial suspension period. Order at 1. Unlike the initial 90-day suspension, the Order itself has no expiration. By its own terms, the Order authorizes BOEM to "further extend the 90-day suspension period." *Id.*

BOEM's retained authority to restart or extend the suspension of activities under the Order keeps this dispute very much alive. *See Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 192 (4th Cir. 2018) ("[A] defendant does not meet its burden of demonstrating mootness when it retains authority to reassess the challenged policy at any time."); *Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1229 n.5 (9th Cir. 2021) ("[A]ctions that can be reversed at the stroke of a pen or otherwise face minimal hurdles to re-enforcement can thwart mootness." (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68–69 (2020); and *Trinity Lutheran Church of Colum., Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017))). As the First Circuit has explained, a "suit remains viable if the relief sought would, if granted, make a difference to the legal interests of the parties." *Calvary Chapel*, 52 F.4th at 47 (1st Cir. 2022) (cleaned up). That is undoubtedly the case here.

Vineyard Wind seeks a declaratory judgment that BOEM cannot suspend activities on the record before this Court. *See* Compl. ¶¶ 172–73, Dkt. 1. Having not withdrawn the Order, BOEM maintains the authority to do just that as soon as the stay is lifted. Accordingly, Vineyard Wind maintains a "concrete interest" in a final judgment that would prevent BOEM from invoking the Order to suspend Project operations, making it plainly possible for this Court to grant "effectual relief" to Vineyard Wind. *Chafin*, 568 U.S. at 172. So long as the Order allows BOEM to continue—or consummate—the very action Vineyard Wind challenges here, there remains a live controversy for this Court to resolve. That alone is sufficient to defeat any claim of mootness.

**II.    The Suspension is Capable of Repetition, Yet Would Evade Review**

Even if the expiration of the initial suspension period would otherwise render the case moot, this dispute falls squarely within the capable-of-repetition-yet-evading-review exception. Under this exception to mootness, a case remains live if "(1) the challenged action is in its duration too short to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Calvary Chapel of Bangor*, 52 F.4th at 47 (cleaned up). Both prongs are satisfied here.

First, the 90-day duration of the initial suspension is "too short to be fully litigated before its cessation," as illustrated by this case's proceedings alone. It is well established that orders lasting less than two years "ordinarily evade review." *Pub. Utils. Comm'n of Cal. v. FERC*, 236 F.3d 708, 714 (D.C. Cir. 2001) (citing *Burlington N. R.R. v. Surface Transp. Bd.*, 75 F.3d 685, 690 (D.C. Cir. 1996); *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 514–16 (1911); and *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1329 (D.C. Cir. 1985)); *see Anderson v. Cryovac, Inc.*, 805 F.2d 1, 5 (1st Cir. 1986) (citing *In re Reporters Comm.*, 773 F.2d at 1329). Moreover, the fact that BOEM supports having this case dismissed as moot after the suspension period has ended—but *before* this Court could enter final judgment—proves that ninety days is too short a time to provide meaningful review of the Order. *See Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546–47 (1976). That is the very definition of an action that evades review.

Second, the "capable of repetition" prong is satisfied by the plain text of the Order. BOEM retained, within the very Order under review, a mechanism to extend the suspension on the same record. *See* Order at 1. When "the party seeking review remains subject to regulation by the agency[,] . . . there is a substantial likelihood of a repetition of the order, which would give rise to the same controversy," notwithstanding "expiration of the order sub judice." *Marchand v. Dir., U.S. Probation Off.*, 421 F.2d 331, 334 (1st Cir. 1970); *accord S. Pac. Terminal Co.*, 219 U.S. at

6

514–16. No conjecture is required here. The Order itself preserves the mechanism for extending suspension, and BOEM confirmed in no uncertain terms that its internal review regarding "whether the national security threats relating to this project can be mitigated . . . remains ongoing." Joint Status Rpt. ¶ 4 (quoting Order at 1).

BOEM's conduct since issuing the Order reinforces the "demonstrated probability" that Vineyard Wind will be subject to further unlawful action. The agency continues to defend the legality of its December 2025 orders, allowing Vineyard Wind to "justifiably project" their repetition. *Doe v. Harris*, 696 F.2d 109, 113 (D.C. Cir. 1982). The Defendants' recent actions in stretching legal authority past its limits to force offshore wind off the grid only sharpen that concern. *See supra*, at 2–3 & n.3.

BOEM has neither retreated from its position that the Project poses a national-security threat nor surrendered its authority under the Order to suspend Vineyard Wind's ongoing activities. That is enough to establish a "reasonable expectation . . . that the core events at issue in this case may recur." *Barr v. Galvin*, 626 F.3d 99, 106 (1st Cir. 2010). Nothing in the record has changed, and this Court has already found in favor of Vineyard Wind once. It makes no sense to force Vineyard Wind to wait for BOEM to once again attempt to shut the Project down, only to come back before this Court to seek the same relief from the same Order.  Vineyard Wind has shown a reasonable expectation that the same controversy will recur unless this Court resolves it now.

## CONCLUSION

This case is not moot. The Order expressly preserves BOEM's authority to extend the challenged suspension against Vineyard Wind and cancel the Project under the same Order. Moreover, the brevity of the initial suspension and the Order's built-in mechanism for reinstating the suspension at any time make this controversy capable of repetition yet evading review,

independently foreclosing dismissal. The Court should therefore reject any claim of mootness and proceed to adjudicate the lawfulness of BOEM's order on the merits.

Dated: May 12, 2026

Respectfully submitted,

/s/ Peter C. Whitfield
Jack W. Pirozzolo (BBO # 564879)
Robert D. Capodilupo (BBO # 714648)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com
rcapodil@sidley.com

Peter C. Whitfield (*pro hac vice*)
Richard W. Smith (*pro hac vice*)
Kathleen Mueller (*pro hac vice*)
Matthew C. Brewer (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
pwhitfield@sidley.com
rwsmith@sidley.com
kmueller@sidley.com
mbrewer@sidley.com

Brooklyn Hildebrandt (*pro hac vice*)
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
(213) 896-6007
bhildebrandt@sidley.com

*Counsel for Vineyard Wind 1 LLC*

8