## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VINEYARD WIND 1 LLC, | Civil Action No. 1:26-CV-10156 |
| Plaintiff, | Honorable Brian E. Murphy |
| v. |  |
| THE UNITED STATES DEPARTMENT OF THE INTERIOR *et al.,* |  |
| Defendants. |  |

## FEDERAL DEFENDANTS' RESPONSE TO VINEYARD WIND 1 LLC'S MEMORANDUM OF LAW ADDRESSING MOOTNESS

**INTRODUCTION**

Federal Defendants United States Department of the Interior *et al.* hereby respond to Vineyard Wind 1 LLC's Memorandum of Law Addressing Mootness ("Pl.'s Mem."), Dkt. No. 96. The case is moot because the challenged December 22, 2025 Director's Order ("Suspension Order"), Dkt. No. 19-3, has expired by its own terms and the construction activities that the U.S. Bureau of Ocean Energy Management ("BOEM") sought to suspend have now been completed. Plaintiff's argument that the case is not moot rests largely on its concern that BOEM will take some further action regarding the Vineyard Wind Project ("Project").  But BOEM could do so regardless of any final judgment as to the December 2025 Suspension Order.  And given that construction is now complete, any future order would not constitute a "repetition" of the December Order.  Nor would any future order "evade review."  Further, proceeding to adjudicate an expired order on the grounds of a potential future order would amount to nothing more than an advisory opinion.  Therefore, the Court should terminate the case as moot.

Alternatively, the Court should stay the case, while keeping its current preliminary injunction in place.  Even under Plaintiff's telling, the potential for continued harm arises from the possibility of a future order.  Judicial economy counsels in favor of conserving the parties' and the Court's resources until any such a future order should issue.  Thus, if not dismissed, the case should be stayed pending some further action by BOEM regarding the Project.

**BACKGROUND**

On December 22, 2025, BOEM issued a Suspension Order regarding the Project.  In that order, BOEM directed Vineyard Wind "to suspend all ongoing activities related to the Vineyard Wind 1 Project . . . for the next 90 days for reasons of national security."  Suspension Order at 1. That 90-day period expired by its own terms on March 22.  In the Order, BOEM indicated that it would consider potential mitigation measures before making a further decision regarding the

1

Project, and that it would attempt to reach a determination regarding such mitigation within 90 days. *Id.* BOEM's review remains ongoing. The Order further stated that "BOEM may further extend the 90-day suspension period based on the status of those discussions." *Id.* The Order also allowed Vineyard Wind to perform certain tasks, namely, "any activities that are necessary to respond to emergency situations and/or to prevent impacts to health, safety, and the environment over the next 90 days and during any subsequent extensions." *Id.* And it stated, "In addition, given that this project is partially generating power, you may continue any activities from those wind turbines that are necessary for the current level of power generation." *Id.*

Vineyard Wind brought suit challenging the Suspension Order. Plaintiff filed a motion for a temporary restraining order and preliminary injunction, which the Court granted following a January 27, 2026 hearing. *See* January 27, 2026 Electronic Order, Dkt. No. 71. In the Court's opinion, given orally on the record, after going through the injunction factors, the Court stated that, "The government's stop work order as to the Vineyard Wind Project is hereby stayed until further order of the court." Tr. of Mot. Hr'g at 57:4-6 (Jan. 27, 2026). The court held a status conference on April 14, 2026. At the status conference, Vineyard Wind's counsel informed the Court that construction of the project had been completed. After a brief discussion of mootness at the status conference, the Court instructed the parties to provide their positions on mootness in a subsequent status report. *See* Docket Order, Dkt. No. 93. The parties submitted a status report, Dkt. No. 95, and then Plaintiff submitted its brief regarding mootness. Dkt. No. 96.

**LEGAL STANDARD**

An actual live controversy must exist throughout all stages of a lawsuit, "not merely at the time the complaint is filed." *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (citation modified). The party asserting mootness bears the burden of demonstrating that the case is moot. *Cons. Law Found. v. Evans*,

360 F.3d 21, 24 (1st Cir. 2004).  "A suit becomes moot when the issues presented are no longer live or the parties lack a cognizable interest in the outcome."  *Harris v. Univ. of Mass., Lowell*, 43 F.4th 187, 191 (1st Cir. 2022) (citation modified).  "Another way of putting this is that a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party."  *Am. Civil Liberties Union*, 705 F.3d at 52 (quoting *Horizon Bank & Trust Co. v. Massachusetts,* 391 F.3d 48, 53 (1st Cir.2004) (citation modified)).  "If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case."  *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003).

**ARGUMENT**

**I.      The Case Is Moot and Therefore May Be Dismissed**

**A.      There Is No Live Controversy Regarding the Suspension Order**

The Suspension Order directed Vineyard Wind to suspend activities on the offshore wind lease, but it allowed Vineyard Wind to conduct emergency activities and to continue to operate the wind turbines as "necessary for the current level of power generation."  Suspension Order at 1.  The order thus precluded additional construction, but allowed operation and power generation to continue.  The Court stayed the Suspension Order, thus allowing Vineyard Wind to complete the construction of the Project.  But the Suspension Order expired by its own terms on March 22.  And construction is now complete.  The claims challenging BOEM's order to cease construction have therefore been rendered moot because there are no more live issues for the Court to resolve. *See Harris*, 43 F.4th at 191-92.  Plaintiff offers several theories as to why a live controversy remains, but none has merit.

 Plaintiff argues that the case is still live because "the Order itself has no expiration" and may be further extended.  Pl.'s Mem. at 5.  In fact, the Order did have an expiration date—the order expressly stated that it would be in effect "for the next 90 days."  Suspension Order at 1.

3

And although the order stated the period could be extended, it never was extended. BOEM's review of the issue remains ongoing, and the Order contemplated that BOEM could issue some order in the future. But that would be a new order, not an extension of the current order, which expired under its own terms. The Suspension Order that Plaintiff challenges in this case—and that gave rise to the alleged harm—is no longer in effect, and therefore the claims challenging it are moot. *See In re Fin. Oversight & Mgmt. Bd.*, 16 F.4th 954, 961 (1st Cir. 2021) (dismissing as moot claims challenging an order issued by the Governor of Puerto Rico regarding a retirement program because the plaintiffs could not explain "what harm [was] ongoing—and fairly traceable to the now-expired Order—that is presently causing them injuries that could give them standing to seek declaratory relief.").

Plaintiff also argues that it "seeks a declaratory judgment that BOEM cannot suspend activities on the record before the Court." Pl.'s Mem. at 5. But that is simply a request for an advisory opinion regarding BOEM's oversight and enforcement authority in regulating offshore wind projects. And the potential for a future order does not change the advisory nature of such an opinion. For a live controversy to exist, there must be some present action that is affecting, or may immediately affect, Plaintiff's interests, not just the threat of future action. *See Lowe v. Gagné-Holmes*, 126 F.4th 747, 755 (1st Cir. 2025) ("In order for appellants' request for declaratory relief to withstand a mootness challenge, the facts alleged must show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (citation modified). Indeed, a final order from this Court concluding that the now-expired Suspension Order had been issued arbitrarily would say nothing of any future order. Nor could the Court enjoin future action, as any remedy would be limited to alleviating harm from the Suspension Order. Therefore, for Article III purposes, Plaintiff does

not stand to gain anything from continued proceedings that it has not already gained from the litigation.

### B.    The Exception for Actions Capable of Repetition, Yet Evading Review, Does Not Apply

Plaintiff's challenge to the Suspension Order also does not fall within the mootness exception for actions that are capable of repetition, yet evading review. This exception "applies only in exceptional situations where a plaintiff can show that (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Nat'l Ass'n of Gov't Emps., Inc. v. Yellen*, 120 F.4th 904, 912–13 (1st Cir. 2024) (quoting *ACLU of Mass.*, 705 F.3d at 57) (citation modified). Here, neither prong applies.

First, the Suspension Order was not so inherently limited in duration so as to evade judicial review. Under this prong, a plaintiff must show that "either the type of claims they bring 'are inherently transitory,' or 'there is a realistic threat that no trial court ever will have enough time to decide the underlying issues . . . before a . . . claim becomes moot.'" *Harris*, 43 F.4th at 194 (quoting *Cruz v. Farquharson*, 252 F.3d 530, 535 (1st Cir. 2001)). Here, Plaintiff cannot show that its challenge to the Suspension Order is the type of claim that is inherently so limited in duration that the Plaintiff could never obtain judicial review. In general, a suspension may last up to five years. *See* 30 C.F.R. 585. 421 (b); 30 C.F.R. 285.421. Indeed, BOEM previously issued a suspension order regarding the Vineyard Wind lease shortly after one of the blades from a wind turbine generator failed, and that suspension lasted until BOEM approved an addendum to the project's construction and operations plan, roughly six months later. The duration of BOEM's orders regarding offshore wind projects on the outer continental shelf reflects the needs of the immediate situation; therefore, any future order would not necessarily be so inherently

5

limited in duration so as to inevitably avoid judicial review.

Second, there is no "reasonable expectation" that Plaintiff will be subject to the same Suspension Order again.  The Suspension Order directs Vineyard Wind to stop construction of the Project, but the order was stayed and Vineyard Wind completed construction.  Given that construction has been completed, any future order could not suspend construction activities.  *See Nat'l Ass'n of Gov't Emps.*, 120 F.4th at 912–13 (capable of repetition exception did not apply because there was no reasonable expectation that the plaintiffs would be subject to the same order from the Secretary of the Treasury again); *ACLU of Mass.*, 705 F.3d at 57 (capable of repetition exception did not apply because the challenged contracts and grants were unlikely to recur).

*In re Financial Oversight and Management Board*, 16 F.4th 954, is instructive.  In order to address a fiscal crisis, the Governor of Puerto Rico issued an order temporarily altering the structure of the oversight board responsible for administering a retirement system.  *Id.* at 957-59.  The board of trustees for the retirement system sued, but before the case could be resolved, the order was withdrawn.  *Id.* at 959-60.  The plaintiffs alleged that, despite the withdrawal of the order, it still had some effect on the retirees that could not "be effectively quantified" and that continuing the litigation was necessary based on the "generalized state of uneasiness" of its members.  *Id.* at 961.  The First Circuit concluded that, "even if the Order has some ongoing effect on the Retirement System's expectations as to its relationship with the Commonwealth [and the oversight board], the Retirement System has failed to show that any effect constitutes a concrete injury for purposes of the 'case or controversy' requirement of Article III of the U.S. Constitution."  *Id.*  So to here.  Vineyard Wind's lingering unease over the Suspension Order's

6

effect on the Project and what actions BOEM may take in the future are insufficient to demonstrate that an actual case or controversy still exists with regard to the Suspension Order.

Plaintiff also points out that other cases involving the suspension of offshore wind projects are proceeding to summary judgment, and the government is continuing to defend them. *See* Pl.'s Mem. at 3, 7. The analogy is inapt for two reasons. First, there has been no opportunity for briefing questions of mootness in the other cases. Second, the analysis of the exceptions to the mootness doctrine would be different with respect to those other projects because construction is not yet complete and the orders for those other projects did not exclude ongoing operations. *See*, *e.g.*, Tr. of Prelim. Inj. Hr'g at 4-5, *Empire Leaseholder, LLC v. Burgum*, No. 1:26-cv-004 (Jan. 15, 2026), Dkt. No. 17-2. In contrast, the construction of the Vineyard Wind Project has been completed, and the Suspension Order allowed Vineyard Wind to continue operating. *See* Pl.'s Mem. at 2. Thus, even if a court in those other cases were ever to conclude that an exception to the mootness doctrine applies, that court decision would not be applicable here. Plaintiff argues that BOEM's defense of these other projects shows "that Vineyard Wind will be subject to *further* unlawful action." *Id.* at 7 (emphasis added). But this only underscores the point that Plaintiff is concerned about *future* action, not the Suspension Order that is the subject of this case. This case, therefore, is moot.

## II.     Alternatively, the Case Should Be Stayed

Alternatively, rather than dismissing the case, the Court should stay the case pending any further action from BOEM regarding the Project. A court has broad discretion to issue a stay for purposes of effectively managing the cases before it. *See Faith v. Truman Cap. Advisors, LP*, No. 19-CV-11301-DJC, 2020 WL 263534, at *4 (D. Mass. Jan. 16, 2020) ("[T]he Court's inherent power to regulate its own dockets allows for the imposition of a stay as to all parties.") (citing *Cassell v. Osborn*, 23 F.3d 394 (1st Cir. 1994)). Granting a stay would allow the Court's

preliminary injunction ruling to remain in place, thus providing assurance to Vineyard Wind that the Suspension Order remains stayed.  It would also avoid unnecessarily briefing summary judgment on the claims challenging the Suspension Order, which Defendants believe are moot. Aside from the fact the Suspension Order has no current effect, any future order would supersede it, in which case, Plaintiff would likely amend its complaint to challenge that new action.  Or BOEM may issue no further order or determine that the national security issues can be mitigated. Regardless of the outcome of BOEM's ongoing review, proceeding to brief summary judgment on the claims challenging the December 22, 2025 Suspension Order would serve no purpose and amount to a waste of the parties' and the Court's resources.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the case as moot, but, if the Court disagrees, it should stay the case.

Respectfully submitted this 22nd day of May 2026,

> ADAM R.F. GUSTAFSON
> Principal Deputy Assistant Attorney General
>
> JOHN ADAMS
> Senior Counsel and Chief of Staff
>
> KRISTOFOR R. SWANSON
> (Colo. Bar. No. 39378)
>
> */s/ Luther L. Hajek*
> LUTHER L. HAJEK
> Natural Resources Section
> Environment & Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044-7611
> Telephone: (202) 598-1937 (Swanson)
> Telephone: (303) 241-0826  (Hajek)
> kristofor.swanson@usdoj.gov
> luke.hajek@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of the

Court using the CM/ECF system, which will send notification of said filings to the attorneys of

record for Plaintiffs and all other parties, who have registered with the Court's CM/ECF system.

So certified this 22nd day of May 2026 by

*/s/ Luther L. Hajek*
Luther L. Hajek
U.S. Department of Justice