# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VINEYARD WIND 1 LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:26-cv-10156-BEM |
| v. | ) |
| | ) Hon. Brian E. Murphy |
| UNITED STATES DEPARTMENT OF THE | ) |
| INTERIOR, *et al.* | ) |
| | ) |
| Defendants. | ) |

**VINEYARD WIND 1 LLC'S REPLY MEMORANDUM OF LAW ADDRESSING
MOOTNESS**

Plaintiff Vineyard Wind 1 LLC ("Vineyard Wind") submits this reply memorandum to address Defendants' claim that the case is moot and any decision by this Court would be an advisory opinion. That argument depends on two premises: that BOEM's December 22 Order (the "Order") has no continuing effect after the initial 90-day suspension period lapsed, and that the suspension itself was limited to "construction." Resp. at 3, Dkt. 98. Both are wrong. Despite the initial 90-day suspension period expiring, BOEM has not withdrawn the Order and it remains an operative agency action that BOEM may invoke to further suspend Vineyard Wind's Project on the same record now before the Court, maintaining a live and justiciable controversy. And even if the Court were to limit its analysis to the initial suspension period, it may still adjudicate the legality of that suspension because the challenged action is capable of repetition yet evading review.

Because Vineyard Wind's claims are not moot, the Court's injunction should remain in place pending the outcome on the merits. In the alternative, the Court could grant Defendants' request for a 90-day stay pending BOEM's further review, provided the Court's January 27 stay of the Order remains in place. That approach would maintain the status quo, while preventing BOEM from invoking its authority to extend the suspension of the Project as expressly contemplated by the Order.

## I.    A Live Controversy Exists Because Vineyard Wind Remains Subject to the Order

Defendants' position that "there are no more live issues for the Court to resolve" rests on two fundamental misreadings of the Order. *See* Resp. at 3.

*First*, Defendants say the Order "expired by its own terms on March 22." *Id.* That is incorrect. It is only the Order's initial 90-day suspension of activities that expired on March 22, not the Order itself. And that does not moot Defendants' claims because the Order expressly allows BOEM to "further extend the 90-day suspension period" at will. Order at 1, Dkt. 1-1. That

extension provision has no sunset. While BOEM contends it never extended the initial suspension period, this is inapposite as the Court's stay prevented such action. Notably, BOEM has never disclaimed the authority to extend the suspension and, as of the date of this filing, has not withdrawn the Order—all while continuing to maintain that its "review remains ongoing." Resp. at 2. Accordingly, BOEM could well decide to suspend Vineyard Wind's operations under this exact Order, on this exact record, as soon as the stay lifts.

A case does not become moot when the government allows a challenged policy to lapse but retains authority to reinstate it under its own terms.[1]  Because BOEM may still use the Order's own extension clause to impose the same suspension again, effective relief remains available and the controversy remains live.

*Second*, Defendants incorrectly describe the Order as applying only to "construction." Resp. at 3. The Order does not use that term. Instead, it bars "all ongoing activities related to" the Project, subject only to limited carveouts for then-current levels of power generation and emergency activities. Order at 1. By its own terms, the Order allows BOEM to further suspend

---

[1] *See Elim Romanian Pentecostal Church v. Pritzker*, 962 F.3d 341, 344–45 (7th Cir. 2020) (case not moot where order "reserves the option" to reinstate the options "if conditions deteriorate"); *Ctr. for Special Needs Tr. Admin., Inc. v. Olson*, 676 F.3d 688, 697 (8th Cir. 2012) (same where government "expressly reserved the right to apply its regulations against the [plaintiff] in the future"); *Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 192 (4th Cir. 2018) ("[A] defendant does not meet its burden of demonstrating mootness when it retains authority to reassess the challenged policy at any time." (cleaned up)); *Wilcher v. City of Wilmington*, 139 F.3d 366, 370 n.2 (3d Cir. 1998) ("Because the City has explicitly reserved its right to use [the challenged] procedure in the future, we do not agree that this issue is 'moot.'"); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) ("[T]he case is not moot, since the moratorium by its terms is not permanent."); *Lewis v. United States*, 88 F.4th 1073, 1079 (5th Cir. 2023) (observing that allowing an agency to "withdraw" a final agency action to moot a case "could create an 'endless loop' of financially onerous regulatory activity by thwarting finality in this way"); E.H. Cooper, Chas. A. Wright & A.R. Miller, *Federal Practice and Procedure* § 3533.7 (3d ed. Apr. 2026) ("It is equally easy to deny mootness if officials who have changed their practices warn that former practices may be resumed at any time.").

Project-related operations, as well as any power generation beyond the level existing when the Order issued. *See id.* (limiting exception in additional suspension to "those wind turbines that are necessary for the *current* level of power generation" as of December 22, 2025 (emphasis added)). And while the turbines and blade sets have been installed, additional work remains necessary to increase production capacity and bring the Project fully online.[2] All these activities remain threatened by the extension clause, which BOEM has not disclaimed and could invoke at any time should the Court dismiss this case.

Were Vineyard Wind claiming continued harm from an order that had "ceased to be operative" after "expiration and rescission," *In re Fin. Oversight & Mgmt. Bd.*, 16 F.4th 954, 961 (1st Cir. 2021), Defendants might have a point. *See* Resp. at 4. But that is just not this case. The Order has not been rescinded, and nothing prevents BOEM from invoking the Order's extension clause on the same record now before this Court. The extension clause's continuing legal effect maintains a live controversy suitable for declaratory relief, and Vineyard Wind need not wait for BOEM to invoke that clause again before seeking a ruling that BOEM may not rely on this record to further suspend Project operations. *See Marchand v. Dir., U.S. Probation Off.*, 421 F.2d 331, 334 (1st Cir. 1970); *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). Because such relief would "make a difference to the legal interests of the parties," *Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 47 (1st Cir. 2022), Vineyard Wind retains a "concrete interest" in

---

[2] As Judge Krupp of the Massachusetts Superior Court recognized in a recent order compelling Vineyard Wind's principal contractor to fulfil its contractual obligation to bring the project fully online, "the project is at a critical phase" and additional "work . . . is required to bring the project into commercial viability[.]" Mem. & Op. at 4–5, *Vineyard Wind 1 LLC v. GE Renewables US LLC*, Mass. Super. Ct., No. 2684-CV-01041 (Suffolk Cnty. Apr. 17, 2026), Dkt. 30; *see also* Decl. of Klaus Skoust Møller ¶¶ 9–10, 13, 15, *GE Renewables US LLC*, No. 2684-CV-01041 (Suffolk Cnty. May 7, 2026), Dkt. 50 (outlining additional work required for the Project to reach full capacity as of May 7, 2026).

3

the outcome. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Defendants have therefore failed to carry their burden on establishing that this case is moot.

## II.    The Suspension Is Capable of Repetition, Yet Would Evade Review

In any event, Defendants do nothing to rebut Vineyard Wind's showing that this case may proceed under the "capable of repetition, yet evading review" exception to mootness. Defendants have no serious answer to the unavoidable conclusion that the initial suspension was "in its duration too short to be fully litigated" before expiration. *See* Pl.'s Mem. at 6, Dkt. 96. Regardless of whether BOEM's suspension orders "[i]n general . . . may last up to five years," *see* Resp. at 5 (citing 30 C.F.R. §§ 585.421(b), 285.421), it is only the duration of *this* Order that matters, *Gulf of Me. Fisherman's All. v. Daley*, 292 F.3d 84, 89 (1st Cir. 2002) (considering "the actual, as opposed to theoretical" life of the challenged action). And here, the initial suspension period lapsed before final judgment could enter. That is the textbook circumstance in which this exception applies. *See Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546–47 (1976).

Defendants' arguments as to why the suspension of Vineyard Wind's operations on this record is not "capable of repetition" fare no better. Much of their position rests on the same mistaken premise that "any future order could not suspend construction activities" because construction is now complete. Resp. at 6. But, as already explained, *see supra* at 2–3, the Order is not limited to construction. It applies to "all ongoing activities related to" the Project, and a renewed suspension would still restrain Vineyard Wind's ongoing operations. Defendants are simply wrong that extending the suspension would be materially different merely because the Project has advanced during the stay.

Defendants also try to downplay the likelihood of repetition by labeling any renewed suspension a "future action." Resp. at 6. But that label ignores the purpose of the exception.

4

Obviously, any capable-of-repetition case—by definition—involves future action. What matters, then, is not whether the same order will be challenged again, but whether the "same legal issue in this case . . . [is] likely to recur in future controversies between the same parties." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016); *see also Greenpeace Action v. Franklin*, 14 F.3d 1324, 1330 (9th Cir. 1992) (applying exception where subsequent agency action would rest on same record). This is a case where not only could the same order be challenged again, but the same legal issues are likely to recur. If it were not for this Court's stay, BOEM could extend the suspension based on the exact same "classified information" it had on December 22. *See* Order at 1. And even if BOEM relied on new or different information in extending the suspension, the same legal issues would come before this Court—legal issues not tethered to the current administrative record, such as whether that authority was exercised in accordance with the procedures required by Section 12 of the Outer Continental Shelf Lands Act, Section 558 of the Administrative Procedure Act, and the Due Process Clause. Because Vineyard Wind "remains subject" to the same action, "there is a substantial likelihood of a repetition of the order, which would give rise to the same controversy." *Marchand*, 421 F.2d at 334.

Nor is Vineyard Wind merely inferring that it is reasonably likely another suspension will occur based on some amorphous "expectations as to its relationship" with BOEM. *See* Resp. at 6 (quoting *In re Fin. Oversight & Mgmt. Bd.*, 16 F.4th at 691). Rather, the likelihood of repetition is apparent from not only the text of the Order, *see* Order at 1 (stating BOEM "may further extend the 90-day suspension period"), but also Defendants' previous suspension of Project operations, ongoing consideration of taking further action against Vineyard Wind, continued defense of the legality of its conduct, and avowed opposition to offshore-wind energy. *See Dep't of Fish & Game v. Fed. Subsistence Bd.*, 62 F.4th 1177, 1182 (9th Cir. 2023) (finding repetition likely where "there

is evidence that it has occurred in the past" and the government "made no commitment not to rely on the regulation in the future"); *Doe v. Harris*, 696 F.2d 109, 113 (D.C. Cir. 1982) (holding plaintiff may "justifiably project repetition" where defendant continues to "vigorously" defend challenged action). That is more than enough to establish a reasonable expectation that the same controversy will return.

In sum, even if the Court limits its analysis to the initial suspension period, ninety days is too short for full review, and both the Order itself and BOEM's conduct create a reasonable expectation that the same agency will impose the same restraint on the Project again. The exception for agency action capable of repetition, yet evading review therefore applies.

## Conclusion

For the above reasons, Vineyard Wind's claims are not moot, and the Court's injunction against the Order should remain in place. The Court thus should set a deadline for the parties to jointly propose a merits briefing schedule or grant Defendants' alternative request for a 90-day stay.

Dated: May 27, 2026                                  Respectfully submitted,

                                                     */s/ Jack W. Pirozzolo*
                                                     Jack W. Pirozzolo (BBO # 564879)
                                                     Robert D. Capodilupo (BBO # 714648)
                                                     SIDLEY AUSTIN LLP
                                                     60 State Street, 36th Floor
                                                     Boston, MA 02109
                                                     (617) 223-0304
                                                     jpirozzolo@sidley.com
                                                     rcapodil@sidley.com

                                                     Peter C. Whitfield (*pro hac vice*)
                                                     Richard W. Smith (*pro hac vice*)
                                                     Kathleen Mueller (*pro hac vice*)
                                                     Matthew C. Brewer (*pro hac vice*)
                                                     SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
pwhitfield@sidley.com
rwsmith@sidley.com
kmueller@sidley.com
mbrewer@sidley.com

Brooklyn Hildebrandt (*pro hac vice*)
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
(213) 896-6007
bhildebrandt@sidley.com

*Counsel for Vineyard Wind 1 LLC*

7

8

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com